**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GENE ROPER,

     Plaintiff

v.

STATE OF NEVADA, et al.,

     Defendants

Case No.: 3:26-cv-00016-ART-CSD

**Report & Recommendation of**
**United States Magistrate Judge**

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action due to Plaintiffs' failure to update their address.

**I. BACKGROUND**

Plaintiff initiated this action with the filing of a complaint and application for leave to proceed in forma pauperis on January 8, 2026. (ECF Nos. 1, 1-1.)  At the time, he was in custody at Washoe County Detention Center. On March 31, 2026, the court ordered Plaintiff to update his address, as it appeared he was no longer in custody at WCDF. (ECF No. 3.) The court's order was returned as undeliverable. (ECF No. 4.)

Local Rule IA 3-1 requires parties to *immediately* file with the court written notification of any change in contact information and provides that the failure to do so may result in dismissal of an action or other appropriate sanction. To date, Plaintiff has not updated his address or other contact information.

**II. DISCUSSION**

A court may dismiss an action based on a party's failure to update his address as required by local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988). In considering whether to dismiss an action for failure to prosecute or comply with court orders, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* at 1440; Fed. R. Civ. P. 41(b).

Plaintiff's failure to provide an updated address impedes both the public's interest in expeditious resolution of litigation and the court's ability to manage its own docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). These factors therefore weigh in favor of dismissal, as does the third factor – the risk of prejudice to defendants caused by the fading memories of witnesses and potential loss of evidence. *See id.* at 643 (citation omitted). In addition, where the Plaintiff has failed to communicate with the court, there are no less drastic sanctions available, which also supports dismissal. While public policy favors disposition of cases on their merits, weighing against dismissal, this one factor does not outweigh all the other factors compelling dismissal.

Accordingly, as the relevant factors weigh in favor of dismissal, the court recommends the District Judge enter an order dismissing this action without prejudice, based on Plaintiff's failure to update his address.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 11, 2026

_____
Craig S. Denney
United States Magistrate Judge

3